**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------x
In re                                                    :    Chapter 11
                                                         :
HERMANI HOTELS, LLC,[1]                                   :    Case No.  20-10701 (AMC)
                                                         :
                            Debtor.                      :
-------------------------------------------------------x

**APPLICATION FOR ORDER AUTHORIZING THE DEBTOR AND DEBTOR IN**
**POSSESSION TO EMPLOY MALTZ AUCTIONS AS REAL PROPERTY**
**AUCTIONEER/BROKER PURSUANT TO 11 U.S.C. §§ 327 AND 328 AND**
**FED.R.BANKR.P.2014 AND 5002(b)**

     Hermani Hotels, LLC, the debtor and debtor in possession (the "<u>Debtor</u>"), states in

support of this application (the "<u>Application</u>") to employ Maltz Auctions ("<u>Maltz</u>") as Real

Property Auctioneer/Broker pursuant to §§ 327 and 328 of Title 11 of the United States Code, 11

U.S.C. § 101, *et seq*. (the "<u>Bankruptcy Code</u>"), Fed.R.Bankr.P. 2014 and Local Bankruptcy Rule

9013-1(e), as follows:

**JURISDICTION AND VENUE**

     1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

     2.     Venue of this proceeding and this Application is proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409.

     3.     The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328

and Fed.R.Bankr.P. 2014.

---

[1]     If applicable, the last four digits of the taxpayer identification number of the Debtor is 0522 and
the Debtor's address is 4700 Street Road, Trevose, PA 19053.

## BACKGROUND

4.      On February 3, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.  The Debtor is authorized to continue to operate its business and manage its properties as a Debtor and Debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  As of the date hereof, no official committee of unsecured creditors has been appointed.

5.      The Debtor is a three-member limited liability company duly formed under the laws of the Commonwealth of Pennsylvania. The Debtor owns and operates the Wyndham Philadelphia – Bucks County, located at 4700 E. Street Road, Feasterville - Trevose, PA 19053 (the "Real Property"). The Debtor experienced its most successful year in 2014. Thereafter, five (5) new hotels opened in the surrounding area which led to the loss of many of the Debtor's clientele in the corporate market. Although there has been increased competition, the Debtor has been able to maintain a strong customer base and retain a significant value.  However, despite the significant value of the Debtor's assets, the Debtor has faced certain liquidity problems leading to the filing of this chapter 11 case.

6.      Some of the issues that led to the Debtor's bankruptcy filing include: (a) the death of its general manager in December 2019, (b) the shutdown of operations by the fire marshal due to an inoperative fire alarm system (which has since been repaired), (c) Wyndham's termination of the Franchise Agreement with the Debtor, (d) delinquency in real estate taxes, (e) a confessed judgment filed by the Debtor's secured creditor in the amount of $12,537,728.28 and (f) disputes that have arisen between the Debtor and its management company, including but not limited to liquor license and food tax issues that have caused the Debtor's restaurant and bistro to close.

7.    The Debtor has requested that Maltz represent his interest as its Real Property Auctioneer/Broker in conducting an auction, other sale and/or locating a buyer in connection with the Real Property of the Debtor.

## RELIEF REQUESTED

8.    The Debtor wishes to employ Maltz as Real Property Auctioneer/Broker.

9.    Section 327 (a) of the Bankruptcy Code provides, in part, as follows:

> Except as otherwise provided in this section, the Debtor, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterest persons, to represent or assist the Debtor in carrying out the Debtor's duties under this title.

11 U.S.C. § 327(a).

10.    Section 328(a) of the Bankruptcy Code provides, in part, as follows:

> The Debtor . . . with the court's approval, may employ or authorize the employment of a professional person under § 327 . . . of this title . . . on any reasonable terms and conditions of employment including a retainer, an hourly basis, or on a contingent fee basis.

11 U.S.C. §328(a).

11.    Fed.R.Bankr.P. 2014 provides, in part, as follows:

> An order approving the employment of attorneys, accountants, or other professionals pursuant to § 327 . . . of the Code shall be made only on application of the Debtor.

12.    The Debtor seeks to retain Maltz because:

a.    Maltz has extensive experience and knowledge in the field of real property appraisal and sale;

b.    the Debtor believes that the Real Property has value;

c.  sale of the Real Property with Maltz's assistances is the best means by which the value of the Real Property can be determined and preserved;

d.  the Debtor believes that Maltz is well qualified to represent it as Real Property Auctioneer/Broker in this Chapter 11 case. Maltz has substantial expertise in both appraisal and sale of Real Property and will act as an agent for the Debtor in appraising and selling the Real Property.

13.    Obtaining Maltz's appraisal and sales services is necessary in order to enable to Debtor to execute its duties faithfully and complete the sale. Maltz will render services, as set forth in the Marketing & Exclusive Sale Agreement, attached hereto as Exhibit A, including but not limited to the following:

a.  create a marketing program for the Real Property that may include, but not be limited to, the following:

- Direct telephone solicitation;
- Direct mail solicitation;
- Distribution of informational brochures;
- Placement of signs directing phone inquiries to Maltz;
- Web-based advertising on www.MaltzAuctions.com.  This site receives 100,000+ page views each month;
- Direct e-mail notifications to the 44,000+ subscribers of the mailing list subscribers to www.MaltzAuctions.com;
- Social media marketing to 30,000+ Facebook fans and Twitter followers;
- Web-based advertising on 200+ auction, Real Property specific and other targeted websites; and
- Print advertising in publications such a deemed appropriate by Maltz.

b. provide interested buyers with a due diligence package that the Debtor will compile, where applicable, including, but not limited to:

- Lease(s) and amendment(s);
- Copies of any survey(s);
- Current tax bill(s);
- Floor plans for building(s);
- Financial Report(s);

■ Environmental Report(s);
■ Property Condition Report(s);
■ STR Report(s).

c.  prepare marketing brochures and other similar sales materials that will be transmitted to all interested parties;

d.  (i) consult with the Debtor on the strategy and tactics for fulfilling the Engagement; (ii) identify, contact, screen, and introduce prospective purchasers to the opportunity for a sale with the Debtor; (iii) draft and convey such other information or correspondence with prospective purchasers as may be needed from time to time, including answers to queries regarding information contained in the offering materials; (iv) coordinating a bidding procedure; (v) supervise and/or participate in due diligence investigations carried out by prospective purchasers; (vi) and negotiate on behalf of the Debtor.

d.  utilize marketing budget not to exceed {Waived – 100% Borne by Maltz} and may prepare newspaper, magazine, and journal advertisements, signs, informational brochures, mailing lists, and mailings.

14.    The foregoing services are subject to the terms of the Affidavit attached hereto as Exhibit B and as set forth in the accompanying form of Order.

15.    Maltz's compensation shall be in accordance with paragraph 6 of the Marketing & Exclusive Sale Agreement, which provides as follows:

The Successful Bidder at the Auction shall pay Maltz a buyer's premium on the high bid of the Real Property sold at Auction, representing Maltz's sole compensation hereunder, which shall be a six (6%) percent buyer's premium, to be paid by the successful bidder, subject to the terms of paragraphs 8 and 10, below (the "**Buyer's Premium**").  In the event the current mortgagee, Philadelphia Federal Credit Union, is the successful bidder, they shall only be required to pay Maltz a reduced Buyer's Premium of one (1%) percent.  Any subsequent assignees shall pay the six (6%) percent Buyer's Premium.  The Buyer's Premium shall be payable to Maltz at closing and without further order of the Bankruptcy Court.

16.    To the extent Maltz is to receive any compensation from the estate pursuant to the Marketing & Exclusive Sale Agreement (all of which have been waived by Maltz), Maltz will

file an application for compensation pursuant to Fed.R.Bankr.R. 2016 and applicable Local

Bankruptcy Rules.

17.    Pursuant to the Marketing & Exclusive Sale Agreement, Maltz will absorb the

actual cost of advertising, promotion, and other expenses incident to the sale of the Real

Property.

18.    A copy of the bond issued for the benefit of the United States with respect to

Maltz's retention is attached hereto as Exhibit C. Maltz also maintains liability insurance.

19.    Maltz has informed the Debtor that it:

    a.  has no connection with the Debtor, the Debtor's creditors or other parties in

        interest in this case;

    b.  will turn over all proceeds of the sale(s) to the Debtor with a detailed accounting

        and report of sale.

20.    Maltz has not requested or received a retainer in connection with this case.

21.    Maltz is, in the Debtor's view, highly skilled.  The Debtor, therefore, believes that

the retention of Maltz is in the best interest of the Debtor, its estate and its creditors.

22.    The Debtor has provided notice of this Application to the Office of the United

States Trustee, Philadelphia Federal Credit Union, and to all parties requesting notice under Rule

2002. Because of the nature of the relief requested, the Debtor respectfully submits that no other

or further notice of the relief requested in this Application need be given.

23.    No previous request for the relief sought in this Application has been made to this

or any other Court.

WHEREFORE, the Debtor requests entry of an Order authorizing it to employ Maltz to represent it in this Chapter 11 case.

Dated: February 17, 2020                    GELLERT SCALI BUSENKELL & BROWN, LLC

                                                     */s/ Holly S. Miller*
                                                     Ronald S. Gellert (PA ID #80783)
                                                     Holly S. Miller (PA ID # 203979)
                                                     8 Penn Center
                                                     1628 JFK Blvd., Suite 1901
                                                     Philadelphia, Pennsylvania 19103
                                                     Telephone: 215-238-0010
                                                     Fax: 215-238-0016
                                                     rgellert@gsbblaw.com
                                                     hsmiller@gsbblaw.com

                                                     *Proposed Counsel to Debtor*