**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------x
In re                                         :    Chapter 11
                                              :
HERMANI HOTELS, LLC,[7]                       :    Case No. 20-10701 (AMC)
                                              :
            Debtor.                           :
---------------------------------------------------------x

# EXHIBIT "B"
# AFFIDAVIT OF RICHARD B. MALTZ

---

[7] If applicable, the last four digits of the taxpayer identification number of the Debtor is 0522 and the Debtor's address is 4700 Street Road, Trevose, PA 19053.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
In re                                                 :      Chapter 11
                                                      :
HERMANI HOTELS, LLC,[2]                               :      Case No. 20-10701 (AMC)
                                                      :
                Debtor.                :
---------------------------------------------------------x

**AFFIDAVIT OF RICHARD B. MALTZ PURSUANT TO**
**11 U.S.C. § §327 AND 328 AND FED.R.BANKR.P. 2014 AND 5002(b)**

Richard B. Maltz, being duly sworn, deposes and says:

    1.    I am the President of Maltz Auctions ("Maltz") and submit this Affidavit pursuant to 11 U.S.C. § 327 and Fed.R.Bankr.P. 2014 and 5002(b) in support of the Motion of Hermani Hotels, LLC, the debtor and debtor in possession, for Order Authorizing the Employment of Maltz Auctions as Real Property Auctioneer/Broker Pursuant to §§ 327 and 328 of the Bankruptcy Code and Fed.R.Bankr.P. 2014.

    2.    To the best of my knowledge, information and belief, Maltz does not hold or represent any interest adverse to the estate of the above captioned debtor (the "Debtor").

    3.    To the best of my knowledge, information and belief, as of the date hereof, Maltz:

        a.  is not a creditor, an equity security holder or an insider of the Debtor;

        b.  is not and was not an investment banker for any outstanding security of the Debtor;

        c.  has not been, within three years before the commencement of this Chapter 11 case, an investment banker for a security of the Debtor or an attorney for such an

---

[2] If applicable, the last four digits of the taxpayer identification number of the Debtor is 0522 and the Debtor's address is 4700 Street Road, Trevose, PA 19053.

      investment banker in connection with the offer, sale or issuance of a security of the Debtor;

    d.  is not and was not, within two years before the commencement of this Chapter 11 case, a director, officer, or employee of the Debtor or of an investment banker specified in this paragraph;

    e.  does not have an interest materially adverse to the interest of the Debtor, the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in this paragraph, or for any other reason.

4.    Based upon the foregoing, I believe that Maltz is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

5.    To the best of my knowledge, information and belief, Maltz is not connected with the Debtor, its creditors, other known parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee except that Maltz may have performed such services on behalf of other parties in interest on matters unrelated to this assignment involving the Debtor.

6.    To the best of my knowledge, information and belief, Maltz is not and has not been connected with the Judge presiding over the Debtor's Chapter 11 case or the United States Trustee.

7.    Maltz will turn over all proceeds of the sale(s) to the Debtor with a detailed accounting and report of sale.

8.    Maltz's compensation shall be in accordance with paragraph 6 of the Marketing & Exclusive Sale Agreement, which provides as follows:

The Successful Bidder at the Auction shall pay Maltz a buyer's premium on the high bid of the Real Property sold at Auction, representing Maltz's sole compensation hereunder, which shall be a six (6%) percent buyer's premium, to be paid by the successful bidder, subject to the terms of paragraphs 8 and 10, below (the "**Buyer's Premium**"). In the event the current mortgagee, Philadelphia Federal Credit Union, is the successful bidder, they shall only be required to pay Maltz a reduced Buyer's Premium of one (1%) percent. Any subsequent assignees shall pay the six (6%) percent Buyer's Premium. The Buyer's Premium shall be payable to Maltz at closing and without further order of the Bankruptcy Court.

9. To the extent Maltz is to receive any compensation from the estate pursuant to the Marketing & Exclusive Sale Agreement (all of which have been waived by Maltz), Maltz will file an application for compensation pursuant to Fed.R.Bankr.R. 2016 and applicable Local Bankruptcy Rules.

10. Pursuant to the Marketing & Exclusive Sale Agreement, Maltz will absorb the actual cost of advertising, promotion, and other expenses incident to the sale of the Real Property.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 17, 2020

Richard B. Maltz, President
Maltz Auctions
39 Windsor Place
Central Islip, NY 11722

3